# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 18, 2007**

Charles R. Fulbruge III
Clerk

No. 06-11004
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HENRY LAWRENCE HEREFORD

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:05-CV-190
USDC No. 5:04-CR-2-ALL

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Henry Lawrence Hereford, federal prisoner # 30178-177, seeks a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2255 motion, wherein he challenged his conviction for distribution of more than 50 grams of cocaine base (crack cocaine). This court may not grant a COA unless Hereford makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). When the district court's denial of relief is based upon

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the court denies relief on the merits, the movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

With the benefit of liberal construction, Hereford argues that his guilty plea and waiver of appeal were invalid, that his sentence violated the Sixth Amendment, and that the district court should have held his § 2255 motion in abeyance. Hereford has not made the necessary showing for a COA with respect to these claims. See Slack, 529 U.S. at 484.

Hereford also argues that his trial counsel rendered ineffective assistance by failing to file a notice of appeal as requested. Hereford made this argument in the district court along with other claims of ineffective assistance. The district court adopted the Government's reasoning that Hereford failed to prove prejudice.

A failure to file a requested notice of appeal is ineffective assistance of counsel even without a showing that the appeal would have merit. Roe v. Flores-Ortega, 528 U.S. 470, 477, 486 (2000). After the district court ruled in the instant case, we held that "the rule of Flores-Ortega applies even where a defendant has waived his right to direct appeal and collateral review." United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007). "[I]f the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver." Id. The record in the instant case does not conclusively show whether

and when Hereford requested that his counsel file an appeal. Therefore, in light of Tapp, an evidentiary hearing is necessary. See Tapp, 491 F.3d at 266.

Accordingly, Hereford's request for a COA is GRANTED solely on this claim of ineffective assistance. The district court's judgment is VACATED and the case REMANDED for further development in the district court.